1   Edwin Aiwazian (Cal. State Bar No. 232943)
        *edwin@lfjpc.com*
2   Arby Aiwazian (Cal. State Bar No. 269827)
        *arby@lfjpc.com*
3   Jill J. Parker (Cal. State Bar No. 274230)
        *jill@lfjpc.com*
4   **LAWYERS *for* JUSTICE, PC**
    410 West Arden Avenue, Suite 203
5   Glendale, California 91203
    Telephone:    (818) 265-1020
6   Facsimile:    (818) 265-1021

7   *Attorneys for* Plaintiff

8

9

10                  **UNITED STATES DISTRICT COURT**

11                 **NORTHERN DISTRICT OF CALIFORNIA**

12

13  CHANTAE YOUNG, individually, and on         Case No.:  3:17-cv-04390-EMC
    behalf of other members of the general public
14  similarly situated;                         Honorable Edward M. Chen

15            Plaintiff,                         **FIRST AMENDED CLASS ACTION
                                                COMPLAINT FOR DAMAGES**
16       vs.
                                                (1)  Violation of California Labor Code
17  NOVARTIS PHARMACEUTICALS                         §§ 510 and 1198 (Unpaid
    CORPORATION, an unknown business                 Overtime);
18  entity; and DOES 1 through 100, inclusive,  (2)  Violation of California Labor Code
                                                     §§ 226.7 and 512(a) (Unpaid Meal
19            Defendants.                             Period Premiums);
                                                (3)  Violation of California Labor Code
20                                                   § 226.7 (Unpaid Rest Period
                                                     Premiums);
21                                              (4)  Violation of California Labor Code
                                                     §§ 1194 and 1197 (Unpaid
22                                                   Minimum Wages);
                                                (5)  Violation of California Labor Code
23                                                   §§ 201 and 202 (Final Wages Not
                                                     Timely Paid);
24                                              (6)  Violation of California Labor Code
                                                     §§ 2800 and 2802 (Unreimbursed
25                                                   Business Expenses);
                                                (7)  Violation of California Labor Code
26                                                   § 226(a) (Non-Compliant Wage
                                                     Statements)'
27                                              (8)  Violation of California Business &
                                                     Professions Code §§ 17200, et seq.
28
                                                **DEMAND FOR JURY TRIAL**

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

COMES NOW, Plaintiff CHANTAE YOUNG ("Plaintiff"), individually, and on behalf of other members of the general public similarly situated, and alleges as follows:

## JURISDICTION AND VENUE

1.      This class action was originally brought in the Superior Court for the County of San Mateo pursuant to California Code of Civil Procedure section 382.  The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.  The "amount in controversy" for the named Plaintiff, including but not limited to claims for compensatory damages, restitution, penalties, wages, premium pay, and pro rata share of attorneys' fees, is less than seventy-five thousand dollars ($75,000).

2.      The Superior Court for the County of San Mateo has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts.  The statutes under which this action is brought do not specify any other basis for jurisdiction.

3.      The Superior Court for the County of San Mateo has jurisdiction over Defendant because, upon information and belief, Defendant is a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by California courts consistent with traditional notions of fair play and substantial justice.

4.      Venue is proper in the Superior Court for the County of San Mateo because, upon information and belief, Defendant maintains offices, has agents, employs individuals, and/or transacts business in the State of California, County of San Mateo.  The majority of acts and omissions alleged herein relating to Plaintiff and the other class members took place in the State of California, including the County of San Mateo.

## PARTIES

5.      Plaintiff CHANTAE YOUNG is an individual residing in the State of California.

6.      Defendant NOVARTIS PHARMACEUTICALS CORPORATION, at all times herein mentioned, was and is, upon information and belief, an employer whose employees are

1

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1 engaged throughout the State of California, including the County of San Mateo.

2       7.     At all relevant times, Defendants NOVARTIS PHARMACEUTICALS

3 CORPORATION was the "employer" of Plaintiff within the meaning of all applicable California

4 laws and statutes.

5       8.     At all times herein relevant, Defendants NOVARTIS PHARMACEUTICALS

6 CORPORATION and DOES 1 through 100, and each of them, were the agents, partners, joint

7 venturers, joint employers, representatives, servants, employees, successors-in-interest, co-

8 conspirators and/or assigns, each of the other, and at all times relevant hereto were acting within

9 the course and scope of their authority as such agents, partners, joint venturers, joint employers,

10 representatives, servants, employees, successors, co-conspirators and/or assigns, and all acts or

11 omissions alleged herein were duly committed with the ratification, knowledge, permission,

12 encouragement, authorization and/or consent of each defendant designated as a DOE herein.

13       9.     The true names and capacities, whether corporate, associate, individual or

14 otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sues said

15 defendants by such fictitious names. Plaintiff is informed and believes, and based on that

16 information and belief alleges, that each of the defendants designated as a DOE is legally

17 responsible for the events and happenings referred to in this Complaint, and unlawfully caused

18 the injuries and damages to Plaintiff and the other class members as alleged in this Complaint.

19 Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities

20 when the same have been ascertained.

21       10.     Defendant NOVARTIS PHARMACEUTICALS CORPORATION and DOES 1

22 through 100 will hereinafter collectively be referred to as "Defendants."

23       11.     Plaintiff further alleges that Defendants, directly or indirectly controlled or

24 affected the working conditions, wages, working hours, and conditions of employment of

25 Plaintiff and the other class members and aggrieved employees so as to make each of said

26 Defendants employers and employers liable under the statutory provisions set forth herein.

27       **CLASS ACTION ALLEGATIONS**

28       12.     Plaintiff brings this action on her own behalf and on behalf of all other members

of the general public similarly situated, and, thus, seeks class certification under California Code of Civil Procedure section 382.

13. The proposed class is defined as follows:

CLASS. All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from June 23, 2013 to final judgment.

SUBCLASS A. All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from June 23, 2013 to final judgment who earned shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay which was not used to calculate the regular rate of pay used to calculate the overtime rate for the payment of overtime wages.

14. Plaintiff reserves the right to establish subclasses as appropriate.

15. The class is ascertainable and there is a well-defined community of interest in the litigation:

a. Numerosity: The class members are so numerous that joinder of all class members is impracticable. The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than fifty (50) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b. Typicality: Plaintiff's claims are typical of all other class members' as demonstrated herein. Plaintiff will fairly and adequately protect the interests of the other class members with whom she has a well-defined community of interest.

c. Adequacy: Plaintiff will fairly and adequately protect the interests of each class member, with whom she has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff has no interest that is antagonistic to the other class members. Plaintiff's attorneys, the

**LAWYERS for JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    proposed class counsel, are versed in the rules governing class action

2    discovery, certification, and settlement.  Plaintiff has incurred, and during

3    the pendency of this action will continue to incur, costs and attorneys'

4    fees, that have been, are, and will be necessarily expended for the

5    prosecution of this action for the substantial benefit of each class member.

6    d.    <u>Superiority</u>: A class action is superior to other available methods for the

7    fair and efficient adjudication of this litigation because individual joinder

8    of all class members is impractical.

9    e.    <u>Public Policy Considerations</u>: Certification of this lawsuit as a class action

10    will advance public policy objectives.  Employers of this great state violate

11    employment and labor laws every day.  Current employees are often afraid

12    to assert their rights out of fear of direct or indirect retaliation.  However,

13    class actions provide the class members who are not named in the

14    complaint anonymity that allows for the vindication of their rights.

15    16.    There are common questions of law and fact as to the class members that

16    predominate over questions affecting only individual members.   The following common

17    questions of law or fact, among others, exist as to the members of the class:

18    a.    Whether Defendants' failure to pay wages, without abatement or

19    reduction, in accordance with the California Labor Code, was willful;

20    b.    Whether Defendants' had a corporate policy and practice of failing to pay

21    their hourly-paid or non-exempt employees within the State of California

22    for all hours worked, missed (short, late, interrupted, and/or missed

23    altogether) meal periods and rest breaks in violation of California law;

24    c.    Whether Defendants required Plaintiff and the other class members to

25    work over eight (8) hours per day and/or over forty (40) hours per week

26    and failed to pay the legally required overtime compensation to Plaintiff

27    and the other class members;

28    d.    Whether    Defendants    failed    to    use    the    shift    differential

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    pay/commissions/non-discretionary bonuses/non-discretionary

2    performance pay to calculate the regular rate of pay used to calculate the

3    overtime rate for the payment of overtime wages where Plaintiff and the

4    other class members earned shift differential pay/commissions/non-

5    discretionary bonuses/non-discretionary performance pay and overtime

6    wages in the same workweek;

7    e.    Whether Defendants deprived Plaintiff and the other class members of

8    meal and/or rest periods or required Plaintiff and the other class members

9    to work during meal and/or rest periods without compensation;

10    f.    Whether Defendants failed to pay minimum wages to Plaintiff and the

11    other class members for all hours worked;

12    g.    Whether Defendants failed to pay all wages due to Plaintiff and the other

13    class members within the required time upon their discharge or

14    resignation;

15    h.    Whether Defendants failed to timely pay all wages due to Plaintiff and the

16    other class members during their employment;

17    i.    Whether Defendants complied with wage reporting as required by the

18    California Labor Code; including, *inter alia*, section 226;

19    j.    Whether Defendants kept complete and accurate payroll records as

20    required by the California Labor Code, including, *inter alia*, section

21    1174(d);

22    k.    Whether Defendants failed to reimburse Plaintiff and the other class

23    members for necessary business-related expenses and costs;

24    l.    Whether Defendants' conduct was willful or reckless;

25    m.    Whether Defendants engaged in unfair business practices in violation of

26    California Business & Professions Code section 17200, et seq.;

27    n.    The appropriate amount of damages, restitution, and/or monetary penalties

28    resulting from Defendants' violation of California law; and

5

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

o.    Whether Plaintiff and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

## **GENERAL ALLEGATIONS**

17.    At all relevant times set forth herein, Defendants employed Plaintiff and other persons as hourly-paid or non-exempt employees within the State of California, including the County of San Mateo.

18.    Defendants, jointly and severally, employed Plaintiff as an hourly-paid, non-exempt employee, from approximately May 2012 to approximately June 2015, in the State of California, County of San Mateo.

19.    Defendants hired Plaintiff into the position of Manufacturing Technician III in the City of San Carlos in the State of California at the rate of pay of $25.96 per hour.

20.    Defendants hired Plaintiff and the other class members and classified them as hourly-paid or non-exempt employees, and failed to compensate them for all hours worked, missed meal periods and/or rest breaks.

21.    Defendants had the authority to hire and terminate Plaintiff and the other class members, to set work rules and conditions governing Plaintiff's and the other class members' employment, and to supervise their daily employment activities.

22.    Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other class members' employment for them to be joint employers of Plaintiff and the other class members.

23.    Defendants directly hired and paid wages and benefits to Plaintiff and the other class members.

24.    Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

25.    Plaintiff and the other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

26.    Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a uniform policy/practice of wage abuse against their hourly-paid or non-exempt

1    employees within the State of California.  This uniform policy/practice involved, *inter alia*,

2    failing to pay them for all regular and/or overtime wages earned, missed, shortened, late, and/or

3    interrupted meal periods and missed, shortened, late, and/or interrupted rest breaks in violation

4    of California law.

5        27.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

6    knew or should have known that Plaintiff and the other class members were entitled to receive

7    certain wages for overtime compensation and that they were not receiving wages for overtime

8    compensation.

9        28.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

10    failed to use the shift differential pay/commissions/non-discretionary bonuses/non-discretionary

11    performance pay to calculate the regular rate of pay used to calculate the overtime rate for the

12    payment of overtime wages where Plaintiff and the other class members earned shift differential

13    pay/commissions/non-discretionary bonuses/non-discretionary performance pay and overtime

14    wages in the same workweek.

15        29.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

16    failed to provide Plaintiff and the other class members the required rest and meal periods during

17    the relevant time period as required under the Industrial Welfare Commission Wage Orders and

18    thus they are entitled to any and all applicable penalties.

19        30.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

20    failed to relieve Plaintiff and the other class members of all duties, failed to relinquish control

21    over Plaintiff and the other class members' activities, failed to permit Plaintiff and the other

22    class members a reasonable opportunity to take, and impeded or discouraged them from taking,

23    thirty (30) minute uninterrupted meal breaks no later than the end of their fifth hour of work for

24    shifts lasting at least six (6) hours, and/or to take second thirty (30) minute uninterrupted meal

25    breaks no later than their tenth hour of work for shifts lasting more than ten (10) hours.

26        31.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

27    knew or should have known that Plaintiff and the other class members were entitled to receive

28    all meal periods or payment of one additional hour of pay at Plaintiff's and the other class

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   member's regular rate of pay when a meal period was missed, shortened, late, and/or interrupted

2   and they did not receive all meal periods or payment of one additional hour of pay at Plaintiff's

3   and the other class member's regular rate of pay when a meal period was missed, shortened, late,

4   and/or interrupted.

5       32.     Plaintiff is informed and believes, and based thereon alleges, that Defendants

6   failed to provide, authorize, and permit Plaintiff and other class members to take full,

7   uninterrupted, off-duty rest periods for every shift lasting three and one-half (3.5) to six (6)

8   hours and/or two full, uninterrupted, off-duty rest periods for every shift lasting six (6) to ten

9   (10) hours, and failed to make a good faith effort to authorize, permit, and provide such rest

10  breaks in the middle of each work period.

11      33.     Plaintiff is informed and believes, and based thereon alleges, that Defendants

12  knew or should have known that Plaintiff and the other class members were entitled to receive

13  all rest periods or payment of one additional hour of pay at Plaintiff's and the other class

14  member's regular rate of pay when a rest period was missed, shortened, late, and/or interrupted

15  and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's

16  and the other class members' regular rate of pay when a rest period was missed, shortened, late,

17  and/or interrupted.

18      34.     Plaintiff is informed and believes, and based thereon alleges, that Defendants

19  knew or should have known that Plaintiff and the other class members were entitled to receive

20  at least minimum wages for compensation and that they were not receiving at least minimum

21  wages for all hours worked.  Defendants' failure to pay minimum wages included, *inter alia*,

22  Defendants' effective payment of zero dollars per hour for hours Plaintiff and the other class

23  members worked off the clock performing work duties.

24      35.     Plaintiff is informed and believes, and based thereon alleges, that Defendants

25  knew or should have known that Plaintiff and the other class members were entitled to receive

26  all wages owed to them upon discharge or resignation, including overtime and minimum wages

27  and meal and rest period premiums, and they did not, in fact, receive all such wages owed to

28  them at the time of their discharge or resignation.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

36.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them during their employment.  Plaintiff and the other class members did not receive payment of all wages, including overtime and minimum wages and meal and rest period premiums, within any time permissible under California Labor Code section 204.

37.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive complete and accurate wage statements in accordance with California law, but, in fact, they did not receive complete and accurate wage statements from Defendants.  The deficiencies included, *inter alia*, the failure to include the accurate total number of hours worked by Plaintiff and the other class members and the accurate rates of pay at which Plaintiff and the class members were supposed to be paid.

38.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Defendants had to keep complete and accurate payroll records for Plaintiff and the other class members in accordance with California law, but, in fact, did not keep complete and accurate payroll records.  Defendants' failure included, *inter alia*, the failure to keep accurate records of the hours worked by Plaintiff and the other class members.

39.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to reimbursement for necessary business-related expenses.

40.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and the other class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and the other class members that they were properly denied wages, all in order to increase Defendants' profits.

41.     At all material times set forth herein, Defendants failed to pay overtime wages to Plaintiff and the other class members for all hours worked.  Plaintiff and the other class members

1    were required to work more than eight (8) hours per day and/or forty (40) hours per week without

2    overtime compensation.

3      42. At all material times set forth herein, Defendants failed to use the shift differential

4    pay/commissions/non-discretionary bonuses/non-discretionary performance pay to calculate the

5    regular rate of pay used to calculate the overtime rate for the payment of overtime wages where

6    Plaintiff and the other class members earned shift differential pay/commissions/non-

7    discretionary bonuses/non-discretionary performance pay and overtime wages in the same

8    workweek.

9      43. At all material times set forth herein, Defendants failed to provide the requisite

10    uninterrupted meal and rest periods to Plaintiff and the other class members.

11      44. At all material times set forth herein, Defendants failed to pay Plaintiff and the

12    other class members at least minimum wages for all hours worked.

13      45. At all material times set forth herein, Defendants failed to pay Plaintiff and the

14    other class members all wages owed to them upon discharge or resignation.

15      46. At all material times set forth herein, Defendants failed to pay Plaintiff and the

16    other class members all wages within any time permissible under California law, including, *inter*

17    *alia*, California Labor Code section 204.

18      47. At all material times set forth herein, Defendants failed to provide complete or

19    accurate wage statements to Plaintiff and the other class members.

20      48. At all material times set forth herein, Defendants failed to keep complete or

21    accurate payroll records for Plaintiff and the other class members.

22      49. At all material times set forth herein, Defendants failed to reimburse Plaintiff and

23    the other class members for necessary business-related expenses and costs.

24      50. At all material times set forth herein, Defendants failed to properly compensate

25    Plaintiff and the other class members pursuant to California law in order to increase Defendants'

26    profits.

27      51. California Labor Code section 218 states that nothing in Article 1 of the Labor

28    Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1  to him [or her] under this article."

## FIRST CAUSE OF ACTION

### (Violation of California Labor Code §§ 510 and 1198)

### (Against NOVARTIS PHARMACEUTICALS CORPORATION

### and DOES 1 through 100)

52.   Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 51, and each and every part thereof with the same force and effect as though fully set forth herein.

53.   California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

54.   Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and the other class members employed by Defendants, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half the regular rate of pay for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

55.   The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and the other class members overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

56.   California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

57.   California law generally follows the Federal Labor Standards Act ("FLSA") and Code of Federal Regulations ("CFR") regarding interpretation of the phrase "regular rate of pay" with regard to overtime compensation. *Huntington Memorial Hospital v. Sup. Ct.* (2005) 131

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    Cal.App.4th 893, 902-905.

2        58.    Under the FLSA, the regular rate of pay includes all remuneration for employment

3    paid to, or on behalf of, the employee with the exception of the specified, statutory exclusions.  29

4    USC § 207(e).

5        59.    Where employees receive additional pay, such as a shift differential pay,

6    commission, non-discretionary bonus, and/or non-discretionary performance pay, then those

7    amounts must be calculated into the regular rate of pay for the calculation of overtime.  29 USC §

8    207(e); 29 CFR § 778.207(b).

9        60.    During the relevant time period, Defendants failed to use the shift differential

10   pay/commissions/non-discretionary bonuses/non-discretionary performance pay to calculate the

11   regular rate of pay used to calculate the overtime rate for the payment of overtime wages where

12   Plaintiff and the other class members earned shift differential pay/commissions/non-

13   discretionary bonuses/non-discretionary performance pay and overtime wages in the same

14   workweek.

15       61.    During the relevant time period, Plaintiff and the other class members worked in

16   excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week.

17       62.    During the relevant time period, Defendants intentionally and willfully failed to

18   pay overtime wages owed to Plaintiff and the other class members.  By way of example, during

19   the pay period from August 5, 2013 to August 18, 2013, Plaintiff worked more than eight hours

20   in a day and more than forty hours in a week.  During this same pay period of August 5, 2013

21   to August 18, 2013, Plaintiff earned shift differential pay.  Defendants failed to accurately factor

22   in the shift differential pay Plaintiff earned into her regular rate of pay for purposes of overtime

23   calculations.  Instead, Defendant paid Plaintiff overtime compensation that was calculated at a

24   rate of time-and-one-half times her base rate of pay for hours worked in excess of 8 hours per

25   day, and paid Plaintiff overtime compensation for hours worked in excess of 12 hours a day at

26   a rate of two times her base rate of pay.  By failing to factor Plaintiff's shift differential pay into

27   her regular rate of pay, Defendants failed to pay Plaintiff the full amount of overtime

28   compensation she earned.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

63.    Defendants' failure to pay Plaintiff and the other class members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

64.    Pursuant to California Labor Code section 1194, Plaintiff and the other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION

**(Violation of California Labor Code §§ 226.7 and 512(a))**

**(Against NOVARTIS PHARMACEUTICALS CORPORATION**

**and DOES 1 through 100)**

65.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 64, and each and every part thereof with the same force and effect as though fully set forth herein.

66.    At all relevant times, the IWC Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's and the other class members' employment by Defendants.

67.    At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

68.    At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

69.    At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee

13

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the

2    total hours worked is no more than twelve (12) hours, the second meal period may be waived

3    by mutual consent of the employer and the employee only if the first meal period was not

4    waived.

5       70.    During the relevant time period, Plaintiff and the other class members who were

6    scheduled to work for a period of time no longer than six (6) hours, and who did not waive their

7    legally-mandated meal periods by mutual consent, were required to work for periods longer than

8    five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or

9    rest period.

10      71.    During the relevant time period, Plaintiff and the other class members who were

11   scheduled to work for a period of time in excess of six (6) hours were required to work for

12   periods longer than five (5) hours without an uninterrupted meal period of not less than thirty

13   (30) minutes and/or rest period.

14      72.    During the relevant time period, Defendants intentionally and willfully required

15   Plaintiff and the other class members to work during meal periods and failed to compensate

16   Plaintiff and the other class members the full meal period premium for work performed during

17   meal periods.

18      73.    During the relevant time period, Defendants failed to pay Plaintiff and the other

19   class members the full meal period premium due pursuant to California Labor Code section

20   226.7.

21      74.    Defendants' conduct violates applicable IWC Wage Order and California Labor

22   Code sections 226.7 and 512(a).

23      75.    Pursuant to applicable IWC Wage Order and California Labor Code section

24   226.7(b), Plaintiff and the other class members are entitled to recover from Defendants one

25   additional hour of pay at the employee's regular rate of compensation for each work day that

26   the meal or rest period is not provided.

27   ///

28   ///

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**THIRD CAUSE OF ACTION**

**(Violation of California Labor Code § 226.7)**

**(Against NOVARTIS PHARMACEUTICALS CORPORATION**

**and DOES 1 through 100)**

76.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 75, and each and every part thereof with the same force and effect as though fully set forth herein.

77.    At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's and the other class members' employment by Defendants.

78.    At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

79.    At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

80.    During the relevant time period, Defendants required Plaintiff and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

81.    During the relevant time period, Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods. As a result, Defendants failed to provide, authorize, and/or permit Plaintiffs and other class members to take full, uninterrupted, off-duty rest periods for every shift lasting three and one-half (3½) to six (6) hours and/or two full, uninterrupted, off-duty rest periods for every shift lasting six (6) to ten (10)

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   hours, and/or three full, uninterrupted, off-duty rest periods for every shift lasting ten (10) to

2   fourteen (14) hours and failed to make a good faith effort to authorize, permit, and provide such

3   rest breaks in the middle of each work period.

4   82.    During the relevant time period, Defendants willfully required Plaintiff and the

5   other class members to work during rest periods and failed to pay Plaintiff and the other class

6   members the full rest period premium for work performed during rest periods.

7   83.    During the relevant time period, Defendants failed to pay Plaintiff and the other

8   class members the full rest period premium due pursuant to California Labor Code section 226.7

9   84.    Defendants' conduct violates applicable IWC Wage Orders and California Labor

10  Code section 226.7.

11  85.    Pursuant to the applicable IWC Wage Orders and California Labor Code section

12  226.7(b), Plaintiff and the other class members are entitled to recover from Defendants one

13  additional hour of pay at the employees' regular hourly rate of compensation for each work day

14  that the rest period was not provided.

15  **FOURTH CAUSE OF ACTION**

16  **(Violation of California Labor Code §§ 1194 and 1197)**

17  **(Against NOVARTIS PHARMACEUTICALS CORPORATION**

18  **and DOES 1 through 100)**

19  86.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

20  through 85, and each and every part thereof with the same force and effect as though fully set

21  forth herein.

22  87.    At all relevant times, California Labor Code sections 1194 and 1197 provide that

23  the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum

24  so fixed is unlawful.

25  88.    During the relevant time period, Defendants failed to pay minimum wage to

26  Plaintiff and the other class members as required, pursuant to California Labor Code sections

27  1194 and 1197.  Defendants' failure to pay minimum wages included, *inter alia*, Defendants'

28  effective payment of zero dollars per hour for hours Plaintiff and the other class members worked

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  off-the-clock performing work duties and Defendants' failure to compensate Plaintiff and the other

2  class members at the correct overtime rate of pay.  By way of example, during the pay period

3  from August 5, 2013 to August 18, 2013, Defendants failed to compensate Plaintiff at the correct

4  overtime rate of pay by failing to factor in the shift differential pay Plaintiff earned into her

5  regular rate of pay for purposes of overtime compensation.

6       89.    Defendants' failure to pay Plaintiff and the other class members the minimum

7  wage as required violates California Labor Code sections 1194 and 1197.  Pursuant to those

8  sections Plaintiff and the other class members are entitled to recover the unpaid balance of their

9  minimum wage compensation as well as interest, costs, and attorney's fees.

10       90.    Pursuant to California Labor Code section 1194.2, Plaintiff and the other class

11  members are entitled to recover liquidated damages in an amount equal to the wages unlawfully

12  unpaid and interest thereon.

13  **FIFTH CAUSE OF ACTION**

14  **(Violation of California Labor Code §§ 201 and 202)**

15  **(Against NOVARTIS PHARMACEUTICALS CORPORATION**

16  **and DOES 1 through 100)**

17       91.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

18  through 90, and each and every part thereof with the same force and effect as though fully set

19  forth herein.

20       92.    At all relevant times herein set forth, California Labor Code sections 201 and 202

21  provide that if an employer discharges an employee, the wages earned and unpaid at the time of

22  discharge are due and payable immediately, and if an employee quits his or her employment, his

23  or her wages shall become due and payable not later than seventy-two (72) hours thereafter,

24  unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in

25  which case the employee is entitled to his or her wages at the time of quitting.

26       93.    During the relevant time period, Defendants intentionally and willfully failed to

27  pay Plaintiff and the other class members who are no longer employed by Defendants their

28  wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ.

1    94.    Defendants' failure to pay Plaintiff and the other class members who are no longer

2  employed by Defendants' their wages, earned and unpaid, within seventy-two (72) hours of their

3  leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

4    95.    California Labor Code section 203 provides that if an employer willfully fails to

5  pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall

6  continue as a penalty from the due date thereof at the same rate until paid or until an action is

7  commenced; but the wages shall not continue for more than thirty (30) days.

8    96.    Plaintiff and the other class members are entitled to recover from Defendants the

9  statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum

10  pursuant to California Labor Code section 203.

## SIXTH CAUSE OF ACTION

### (Violation of California Labor Code § 226(a))

### (Against NOVARTIS PHARMACEUTICALS CORPORATION

### and DOES 1 through 100)

15    97.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

16  through 96, and each and every part thereof with the same force and effect as though fully set

17  forth herein.

18    98.    At all material times set forth herein, California Labor Code section 226(a)

19  provides that every employer shall furnish each of his or her employees an accurate itemized

20  statement in writing showing (1) gross wages earned, (2) total hours worked by the employee,

21  (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid

22  on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of

23  the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive

24  dates of the period for which the employee is paid, (7) the name of the employee and his or her

25  social security number, (8) the name and address of the legal entity that is the employer, and (9)

26  all applicable hourly rates in effect during the pay period and the corresponding number of hours

27  worked at each hourly rate by the employee.  The deductions made from payments of wages

28  shall be recorded in ink or other indelible form, properly dated, showing the month, day, and

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    year, and a copy of the statement or a record of the deductions shall be kept on file by the

2    employer for at least three years at the place of employment or at a central location within the

3    State of California.

4         99.    Defendants have intentionally and willfully failed to provide Plaintiff and the

5    other class members with complete and accurate wage statements.  The deficiencies include, but

6    are not limited to: the failure to include the accurate total number of hours worked by Plaintiff

7    and the other class members and their accurate rates of pay.  As the employer willfully requiring

8    work to be performed off-the-clock and failing to provide, authorize, and/or permit meal and

9    rest periods or to pay the premium wages owed for such failure, Defendants had the information

10   necessary to provide wage statements that accurately reflected the total number of hours actually

11   worked and the actual gross and net wages that were earned, yet failed to do so on a systematic

12   basis and instead provided wage statements that did not reflect the time worked off-the-clock or

13   any meal and rest period premiums earned.  Defendants also had the information necessary to

14   state the overtime compensation at the correct rate of pay, but willfully failed to use the shift

15   differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay to

16   calculate the regular rate of pay used to calculate the overtime rate for the payment of overtime

17   wages    where    Plaintiff    and    the    other    class    members    earned    shift    differential

18   pay/commissions/non-discretionary bonuses/non-discretionary performance pay and overtime

19   wages in the same workweek.

20        100.  As a result of Defendants' violation of California Labor Code section 226(a),

21   Plaintiff and the other class members have suffered injury and damage to their statutorily-

22   protected rights.   Because Plaintiff and the putative class members' wage statements did not

23   always reflect the accurate number of hours worked, and did not always reflect the accurate rates

24   of overtime compensation, Plaintiff and the putative class members were unable to determine

25   the total amount of hours they worked, were unable to determine the total amount of

26   compensation they were owed, and were unable to verify they were paid the proper amount.  In

27   order to determine how much Plaintiff and the putative class members should have been paid,

28   Plaintiff and the putative class members would have had to engage in discovery and

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1    mathematical computations in order to reconstruct the missing information.

2        101.    More specifically, Plaintiff and the other class members have been injured by

3    Defendants' intentional and willful violation of California Labor Code section 226(a) because

4    they were denied both their legal right to receive, and their protected interest in receiving,

5    accurate and itemized wage statements pursuant to California Labor Code section 226(a).

6        102.    California Code of Civil Procedure section 338(a) provides a three year statute of

7    limitations for an action upon a liability created by statute.  Therefore, pursuant to California

8    Labor Code section 226(e) Plaintiff is entitled to seek his actual damages caused by Defendants'

9    failure to comply with California Labor Code section 226(a).  Plaintiff's claim for damages is

10   timely because it is brought within the three year statute of limitations.

11       103.    The other class members who were employed by Defendants during the

12   applicable statute of limitations period for Labor Code section 226(e) penalties are entitled to

13   recover from Defendants the greater of their actual damages caused by Defendants' failure to

14   comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four

15   thousand dollars per employee.

16                              **SEVENTH CAUSE OF ACTION**

17                   **(Violation of California Labor Code §§ 2800 and 2802)**

18                   **(Against NOVARTIS PHARMACEUTICALS CORPORATION**

19                               **and DOES 1 through 100)**

20       104.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

21   through 102, and each and every part thereof with the same force and effect as though fully set

22   forth herein.

23       105.    Pursuant to California Labor Code sections 2800 and 2802, an employer must

24   reimburse its employee for all necessary expenditures incurred by the employee in direct

25   consequence of the discharge of his or her job duties or in direct consequence of his or her job

26   duties or in direct consequence of his or her obedience to the directions of the employer.

27       106.    Plaintiff and the other class members incurred necessary business-related

28   expenses and costs that were not fully reimbursed by Defendants.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    107.    Defendants have intentionally and willfully failed to reimburse Plaintiff and the

2    other class members for all necessary business-related expenses and costs.

3    108.    Plaintiff and the other class members are entitled to recover from Defendants their

4    business-related expenses and costs incurred during the course and scope of their employment,

5    plus interest accrued from the date on which the employee incurred the necessary expenditures

6    at the same rate as judgments in civil actions in the State of California.

7    **EIGHTH CAUSE OF ACTION**

8    **(Violation of California Business & Professions Code §§ 17200, et seq.)**

9    **(Against NOVARTIS PHARMACEUTICALS CORPORATION**

10    **and DOES 1 through 100)**

11    109.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

12    through 108, and each and every part thereof with the same force and effect as though fully set

13    forth herein.

14    110.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

15    unlawful and harmful to Plaintiff, other class members, to the general public, and Defendants'

16    competitors.    Accordingly, Plaintiff seeks to enforce important rights affecting the public

17    interest within the meaning of Code of Civil Procedure section 1021.5.

18    111.    Defendants' activities as alleged herein are violations of California law, and

19    constitute unlawful business acts and practices in violation of California Business & Professions

20    Code section 17200, et seq.

21    112.    A violation of California Business & Professions Code section 17200, et seq. may

22    be predicated on the violation of any state or federal law.    In this instant case, Defendants'

23    policies and practices of requiring employees, including Plaintiff and the other class members,

24    to work overtime without paying them proper compensation violate California Labor Code

25    sections 510 and 1198.  Additionally, Defendants' policies and practices of requiring employees,

26    including Plaintiff and the other class members, to work through their meal and rest periods

27    without paying them proper compensation violate California Labor Code sections 226.7 and

28    512(a).  Defendants' policies and practices of failing to pay minimum wages violate California

Labor Code sections 1194 and 1197. Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiff and the other class members violate California Labor Code sections 201, 202 and 204. Defendants also violated California Labor Code sections 226(a), 1174(d), 2800 and 2802.

113.    As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

114.    Plaintiff and the other class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

115.    Pursuant to California Business & Professions Code sections 17200, et seq., Plaintiff and the other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences from June 23, 2013; an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws; and an award of costs.

**DEMAND FOR JURY TRIAL**

Plaintiff, individually, and on behalf of other members of the general public similarly situated, requests a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all other members of the general public similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

**Class Certification**

1.    That this action be certified as a class action;

2.    That Plaintiff be appointed as the representative of the Class;

3.    That counsel for Plaintiff be appointed as Class Counsel; and

4.    That Defendants provide to Class Counsel immediately the names and most current/last known contact information (address, e-mail and telephone numbers) of all class members.

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1

**As to the First Cause of Action**

2     5.    That the Court declare, adjudge and decree that Defendants violated California

3 Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay

4 all overtime wages due to Plaintiff and the other class members;

5     6.    For general unpaid wages at overtime wage rates and such general and special

6 damages as may be appropriate;

7     7.    For pre-judgment interest on any unpaid overtime compensation commencing

8 from the date such amounts were due;

9     8.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

10 California Labor Code section 1194;

11     9.    For such other and further relief as the Court may deem just and proper.

12     **As to the Second Cause of Action**

13     10.   That the Court declare, adjudge and decree that Defendants violated California

14 Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to

15 provide all meal periods (including second meal periods) to Plaintiff and the other class

16 members;

17     11.   That the Court make an award to Plaintiff and the other class members of one (1)

18 hour of pay at each employee's regular rate of compensation for each workday that a meal period

19 was not provided;

20     12.   For all actual, consequential, and incidental losses and damages, according to

21 proof;

22     13.   For premium wages pursuant to California Labor Code section 226.7(b);

23     14.   For pre-judgment interest on any unpaid wages from the date such amounts were

24 due;

25     15.   For reasonable attorneys' fees and costs of suit incurred herein; and

26     16.   For such other and further relief as the Court may deem just and proper.

27     **As to the Third Cause of Action**

28     17.   That the Court declare, adjudge and decree that Defendants violated California

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and the other class members;

18.    That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

19.    For all actual, consequential, and incidental losses and damages, according to proof;

20.    For premium wages pursuant to California Labor Code section 226.7(b);

21.    For pre-judgment interest on any unpaid wages from the date such amounts were due; and

22.    For such other and further relief as the Court may deem just and proper.

### As to the Fourth Cause of Action

23.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194 and 1197 by willfully failing to pay minimum wages to Plaintiff and the other class members;

24.    For general unpaid wages and such general and special damages as may be appropriate;

25.    For pre-judgment interest on any unpaid compensation from the date such amounts were due;

26.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

27.    For liquidated damages pursuant to California Labor Code section 1194.2; and

28.    For such other and further relief as the Court may deem just and proper.

### As to the Fifth Cause of Action

29.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiff and the other class members no longer employed by Defendants;

30.   For all actual, consequential, and incidental losses and damages, according to proof for Plaintiff and the other class members;

31.   For statutory wage penalties pursuant to California Labor Code section 203 for the class members who have left Defendants' employ;

32.   For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

33.   For such other and further relief as the Court may deem just and proper.

### As to the Sixth Cause of Action

34.   That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiff and the other class members, and willfully failed to provide accurate itemized wage statements thereto;

35.   For actual, consequential and incidental losses and damages, according to proof for Plaintiff and the other class members;

36.   For statutory penalties pursuant to California Labor Code section 226(e) for the other class members; and

37.   For such other and further relief as the Court may deem just and proper.

### As to the Seventh Cause of Action

38.   That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and the other class members for all necessary business-related expenses as required by California Labor Code sections 2800 and 2802;

39.   For actual, consequential and incidental losses and damages, according to proof;

40.   For reasonable attorneys' fees and costs of suit incurred herein; and

41.   For such other and further relief as the Court may deem just and proper.

### As to the Eighth Cause of Action

42.   That the Court decree, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, et seq. by failing to provide Plaintiff and the

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    other class members all overtime compensation due to them, failing to provide all meal and rest

2    periods to Plaintiff and the other class members, failing to pay at least minimum wages to

3    Plaintiff and the other class members, failing to pay Plaintiff's and the other class members'

4    wages timely as required by California Labor Code section 201 and 202 and by violating

5    California Labor Code sections 226(a), 2800, and 2802.

6        43.    For restitution of unpaid wages to Plaintiff and all the other class members and

7    all pre-judgment interest from the day such amounts were due and payable;

8        44.    For the appointment of a receiver to receive, manage and distribute any and all

9    funds disgorged from Defendants and determined to have been wrongfully acquired by

10   Defendants as a result of violation of California Business and Professions Code sections 17200,

11   et seq.;

12       45.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

13   California Code of Civil Procedure section 1021.5; and

14       46.    For such other and further relief as the Court may deem just and proper.

15   Dated: August 23, 2017                    **LAWYERS *for* JUSTICE, PC**

16

17                                    By: /s/ Edwin Aiwazian

18                                        Edwin Aiwazian
                                          *Attorneys for* Plaintiff

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203